UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKUS RAY ALDRIDGE, | No. 2:13-cv-1979-KJN P |
| Plaintiff, | |
| v. | |
| SOLANO COUNTY SHERIFF'S DEPARTMENT FOOD SERVICE (ARAMARK), | ORDER |
| Defendant. | |

Plaintiff is a Solano County Jail detainee, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

In the instant, cursorily-completed, form complaint, plaintiff alleges in full (ECF No. 1 at 3):

> Starting in April 2013 the food the[y] have served is not cooked all the way in the morning and the dinner is also not hot when we receive it.  Also, the food we get hear (sic) does not meet the proper nutrition value.  As a outcome of that I got sick, my request[s] to see a nurse were not answerd (sic).

Plaintiff seeks the following relief (id.):

> I am demanding to a have jury look into Aramark for there (sic) food and to see why the job is not done correctly.  I am also demanding to be compensated for not having a proper meal cooked and for being sick for nor properly made food.  And also not being seen by medical staff.

Several problems beset these allegations and claim for relief.  The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley v. Albers, 475 U.S. 312, 319 (1986).  What is needed to show cruel and unusual punishment "varies according to the nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320).  In general, to prevail on an Eighth Amendment claim, the plaintiff must show, objectively, that he suffered a "sufficiently serious" deprivation.  Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  The plaintiff must also show that the defendant, subjectively, had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur.  Farmer, 511 U.S. at 834.

Plaintiff's general allegations that he has been served nutritionally inadequate meals, dinner that was not hot, and breakfast that was not thoroughly cooked, resulting in plaintiff

1  becoming ill, fail to allege an objectively "sufficiently serious" deprivation, or describe any direct
2  connection between the challenged conditions and a specific incident of becoming ill, or
3  implicating a specific defendant.

4      There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
5  connection between a specific defendant's actions and the claimed deprivation. Rizzo v. Goode,
6  423 U.S. 362, 371 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "A person
7  'subjects' another to the deprivation of a constitutional right, within the meaning of §1983, if he
8  does an affirmative act, participates in another's affirmative acts or omits to perform an act which
9  he is legally required to do that causes the deprivation of which complaint is made." Johnson v.
10 Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.
11 1988) ("The inquiry into causation must be individualized and focus on the duties and
12 responsibilities of each individual defendant whose acts or omissions are alleged to have caused a
13 constitutional deprivation.").

14     For these reasons, the court finds the allegations in plaintiff's complaint so vague and
15 conclusory that it is unable to determine whether the current action is frivolous or fails to state a
16 claim for relief. The complaint does not contain a short and plain statement as required by Fed.
17 R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must
18 give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev.
19 Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of
20 particularity overt acts which specific defendants engaged in that support plaintiff's claim, and
21 must allege specific, nonfrivolous, injury.

22     Therefore, the complaint must be dismissed. The court will, however, grant leave to file
23 an amended complaint.

24     If plaintiff chooses to amend the complaint, he must demonstrate how the conditions
25 about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v.
26 Goode, supra, 423 U.S. at 371. The complaint must allege in specific terms how each named
27 defendant is involved. Id. Vague and conclusory allegations of official participation in civil
28 rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: November 4, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

aldr1979.14.new.kjn

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  | MARKUS RAY ALDRIDGE,                         No. 2:13-cv-1979-KJN P
12  |           Plaintiff,
13  |      v.
14  | SOLANO COUNTY SHERIFF'S                      NOTICE OF AMENDMENT
    | DEPARTMENT FOOD SERVICE
15  | (ARAMARK),
16  |           Defendant.
17

18       Plaintiff hereby submits the following document in compliance with the court's order
19  filed _____.
20       _____           Amended Complaint
21
22  _____    _____
    Date                                       Plaintiff
23
24
25
26
27
28

6